**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Randall L. McCOLLISTER,**
**Defendant–Appellant.**

No. 03–3574.

United States Court of Appeals,
Sixth Circuit.

May 3, 2004.

Timothy D. Oakley, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

Michael J. Curtis, Ashland, KY, Rose Ann Fleming, Cincinnati, OH, for Defendant–Appellant.

Before BOGGS, Chief Judge; NELSON and SUTTON, Circuit Judges.

*ORDER*

Randall Lynn McCollister appeals his judgment of conviction and sentence. This

case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McCollister pleaded guilty pursuant to a negotiated plea agreement to conspiring to distribute oxycodone in violation of 21 U.S.C. § 846. McCollister was a practicing physician who wrote fraudulent prescriptions for painkilling medication using the names of former or current patients and deceased or fictitious people. McCollister provided those painkillers to others for a fee. The others, in turn, sold the medication.

In their plea agreement, the parties agreed in part that McCollister's total offense level for sentencing purposes was twenty-seven. A presentence investigation report (PSR) was prepared that provided for an additional two-level enhancement in McCollister's total offense level under USSG § 3B1.3 for his abuse of a position of trust. McCollister objected to that enhancement.

At sentencing, the district court overruled McCollister's objection, applied the two-level enhancement, and sentenced McCollister to ninety-seven months of imprisonment and three years of supervised release.

On appeal, McCollister's attorneys move to withdraw and file a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). McCollister has not responded to the motion to withdraw.

Upon review, we grant the motion to withdraw because it reflects that counsel has reviewed the entire record and proceedings and concluded that no grounds for appeal can be sustained. Believing the appeal to be without merit, counsel submits the following issue for review: whether the district court erred in applying the two-point enhancement for abuse of a position of trust pursuant to USSG § 3B1.3 rather than adopting the terms of the plea agreement.

An agreement by the Government to recommend or agree not to oppose a particular sentence, sentencing range, or application of a particular provision of the Sentencing Guidelines does not bind the court. Fed.R.Crim.P. 11(c)(1)(B); USSG § 6B1.2(b). The court is obliged to inform the defendant when he enters his guilty plea that the court is not bound by such an agreement. USSG § 6B1.1(b). We find in reviewing the record that McCollister entered a valid guilty plea, having been appropriately cautioned by the trial court as to the consequences of his choice, his alternatives, and all rights he was waiving. In particular, the trial court advised McCollister that it was not bound by the stipulation of facts or the parties' agreement with respect to his total offense level, and that the court could choose to impose a more severe sentence, and McCollister replied that he understood. *See North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (record should reflect that defendant understood the direct consequences of his plea so that plea represents a voluntary and intelligent choice among the alternatives). Moreover, the plea agreement itself expressly stated that the government's recommended offense level was not binding on the district court.

To the extent that McCollister argues that his offense level was improperly increased by two levels under USSG § 3B1.3 for abuse of a position of trust, his argument is meritless. This court reviews de novo the decision of a district court to apply § 3B1.3 to a defendant's sentence. *United States v. Brogan*, 238 F.3d 780, 783 (6th Cir.2001); *United States v. Tribble*, 206 F.3d 634, 635 (6th Cir.2000).

Section 3B1.3 states that "[i]f the defendant abused a position of public or private

trust ... in a manner that significantly facilitated the commission or concealment of the offense, increase by 2 levels." USSG § 3B1.3. A position of trust is "characterized by professional or managerial discretion (i.e., substantial discretionary judgment that is ordinarily given considerable deference)." USSG § 3B1.3, comment. (n.1). The person holding such a position is ordinarily "subject to significantly less supervision than employees whose responsibilities are primarily nondiscretionary in nature." USSG § 3B1.3, comment. (n.1). The touchstone for a finding that the defendant occupies a position of trust is not necessarily the amount of supervision the person receives, although that is an important factor to consider, but rather the amount of discretion the person has in his or her position of employment. *See Brogan*, 238 F.3d at 783; *Tribble*, 206 F.3d at 637; *United States v. Ragland*, 72 F.3d 500, 502 (6th Cir.1996).

■ A practicing physician enjoys perhaps the highest level of discretion afforded any professional. *See United States v. Adam*, 70 F.3d 776, 782 (4th Cir.1995). McCollister abused a position of trust because his professional role as practicing physician made it possible for him to write prescriptions for oxycodone and thus contributed significantly to his ability to commit the offense.

We have further examined the record in this case, including the transcripts of McCollister's plea and sentencing hearings, and found no reversible error apparent from the record.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.